Miller v. Corbin.

MILLER v. CORBIN ET AL.

1. **Tax Sale:** RECOVERY OF AMOUNT PAID: PRACTICE. Where, in an action by a tax purchaser to quiet his title, he alleged in his petition that he had paid the taxes for certain years, but did not allege the amount so paid or ask judgment therefor, and it was held in the Supreme Court on appeal that the tax purchaser had the right to recover the taxes, penalties, and interest, the defendant was entitled upon a reversal of the case to file proper pleadings and introduce competent evidence contesting the right of the plaintiff to recover the amount paid by him for taxes.

*Appeal from Hardin Circuit Court.*

FRIDAY, JUNE 7.

THIS cause has already been before this court. See 46 Iowa, 150. Upon the former appeal there was a trial *de novo.* The main question was as to the validity of a certain tax title held by the plaintiff. Said title was held invalid by the court below, and upon that issue the decree was affirmed.

It was claimed by plaintiff that he paid the taxes on the land in controversy for a number of years, but no statement was made in the pleadings of the times or amounts of such payments. Upon the trial the plaintiff introduced a certificate of the treasurer of Hardin county, stating that the plaintiff paid all the taxes on the said land for the years from 1861 up to 1874, both included. The court, by its decree, appointed a commissioner to report the amount of taxes so paid and the date of the respective payments, and adjudged that the plaintiff have his lien upon the land for the sum so paid, and six per cent per annum interest. This court held that plaintiff was entitled to recover a sum equal to the amount that the defendant would have had to pay the treasurer to satisfy all the taxes, penalties and interest if they had not been paid by the tax sale purchaser. There was no evidence before this court by which the proper amount could be determined, and the cause was remanded to the court below "for the determination of the amount which plaintiff is entitled to recover, and for a judgment therefor."

After the cause was remanded, plaintiff filed a motion in the court below for the appointment of a commissioner to ascertain the amount of taxes paid and the penalties and interest.

A commissioner was accordingly appointed. Defendants appeared to the motion after the commissioner was appointed, and asked leave to file an answer controverting the right of plaintiff to recover any of said taxes, and raising the statute of limitations. The court refused to allow said answer to be filed. The defendants then appeared before the commissioner and offered to disprove the payment of any taxes by plaintiff, and offered other evidence in defense of said claim. Said offers were refused by the commissioner, and defendants were not allowed to introduce any evidence.

The commissioner found the total amount of taxes paid by plaintiff, with interest and penalties, to amount to five hundred and thirty-eight dollars and twenty-three cents, for

which the court rendered judgment against defendants, and made the judgment a lien on the land in controversy, which consisted of eighty acres of wild prairie. Defendants appeal.

*Brown & Campbell,* for appellants.

*Dosh Bros. & Carstens,* for appellee.

ROTHROCK, CH. J.—The controversy between the parties on the former trial was one relating to the title. The only reference to the taxes in plaintiff's pleadings were the following remarks in an amended petition:

1. TAX SALE: recovery of amount paid: practice.

"5. The land in controversy was open prairie at the time of the tax sales. Plaintiff took possession of the land under the treasurer's deeds, on the 6th day of April, 1866, and maintained such possession by paying all the taxes due on the land for the years 1860 till 1874, both included.

"6. Plaintiff's possession continued uninterruptedly from the time of said April 6, 1866, till December, 1874, by payment of such taxes, and defendant's counter-claim is therefore barred under the statute of limitations."

Upon the trial, when plaintiff contested the right of defendant to question the tax title until he had paid the taxes, defendant made the following offer: "He avers that for some years the plaintiff claims to have been in possession of the said land; the defendant asks for an account of the rents and profits, and avers that he is ready and willing to pay the taxes and interest, and any balance found due after such accounting is had."

It will readily be perceived that the plaintiff pleaded the payment of tax as showing that he was in possession of the land. No amount of such payments was stated, and no claim for interest or penalties was made, and there was no demand for judgment. No evidence was introduced excepting the certificate of the treasurer stating that E. H. Miller paid all the taxes on the said land for the years from 1861 up to 1874.

This item of evidence (conceding it to have been compe-

tent, but which we do not decide) gave the court no aid in arriving at the amount due the plaintiff. It appears to have been a mere general statement of the fact that Miller paid the taxes. It does not appear that the commissioner appointed on the first trial, to ascertain the amount of taxes, performed that duty before the decree was entered. He was appointed by the final decree.

Under these circumstances we think it was the right of the defendant to appear in the court below when the cause was remanded, and contest the claim of plaintiff for taxes paid.

When the cause was reversed, and remanded to the court below, to determine the amount due the plaintiff for taxes paid, there could be no determination of the amount without proper pleadings and competent evidence. It involved a new trial as to the claim for taxes paid by plaintiff.

REVERSED.